IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Robert Heilman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Work Force Safety, Bismarck, ND, | ) | |
| and Jane Demarass Seaworth, | ) | |
| Administrative Law Judge, | ) | Case no. 4:12-cv-066 |
| | ) | |
| Defendants. | ) | |

The plaintiff, Robert Heilman ("Heilman"), initiated the above-entitled action by complaint on May 29, 2012, ostensibly challenging an state agency decision to deny his application for worker's compensation benefits. Upon reviewing Heilman's complaint, the undersigned determined, *inter alia*, that it did set forth a cognizable federal claim and otherwise failed to establish a basis for this court's exercise of jurisdiction. Consequently, on June 25, 2012, the undersigned issued a report recommending the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2).

On July 2, 2012, Heilman filed notice of his consent to the undersigned's exercise of jurisdiction of this matter. He subsequently contacted the court to request additional time to file objections the undersigned's recommendation. On July 13, 2012, the undersigned issued an order granting his request and giving him until August 12, 2012, to file his objections.

On August 9, 2012, the court received the following from Heilman: (1) a letter outlining in greater detail the relief Heilman is seeking: (1) a letter from an acquaintance of Heilman who expresses concern about Heilman's health; and (3) an excerpt from a Social Security Administration

Work Activity Questionnaire.

The court appreciates that Heilman is proceeding *pro se*. However, the fact remains that his claim is devoid of any mention of either federal law or the constitution. Further, to the extent that the complaint may be construed as a request for money damages from the state, the Eleventh Amendment precludes this court from imposing such an award against the state or one of its agencies. See Hopkins v. Saunders, 93 F.3d 522, 526 (8th Cir. 1996) ("The Eleventh Amendment prohibits a citizen from suing a state for money damages in federal court."); see also Graves v. Stone, 25 Fed. App'x 488 (8th Cir. 2002) (recognizing that the Eleventh Amendment bars suits brought in federal court by an individual against a state or its agencies). Consequently, Heilman's complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 21st day of August, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge